UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH D. GILBERTI, JR. , P.E., an individual and licensed professional engineer

        Plaintiff,

v.                                                Case No.:   2:19-cv-282-FtM-38MRM

RON DESANTIS, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, ENVIRONMENTAL PROTECTION AGENCY, SARASOTA COUNTY BOARD OF COUNTY COMMISSIONERS, DESOTO COUNTY BOARD OF COUNTY COMMISSIONERS, HILLSBOROUGH COUNTY STATE ATTORNEYS OFFICE, SARASOTA MEMORIAL HOSPITAL, PEACE RIVER MANASOTA WATER SUPPLY AUTHORITY, SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT, 72 PARTNERS, LLC and LUIS E. RIVERA,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

      Before the Court is Plaintiff Joseph D. Gilberti's Motion to Vacate Order and Set Aside Judgment for Fraud on the Court (Doc. 58), in which he seeks relief from the Court's dismissal of this case.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

This is one of several cases Gilberti filed alleging a global conspiracy to hide "secret underground rivers of endless Unique Alkaline Spring Water." (Doc. 1 at 1). And like at least two of Gilberti's other cases, the Court dismissed this case for lack of subject matter jurisdiction because it is essentially fictitious and obviously without merit. (Doc. 56). Gilberti asks the Court to set aside the dismissal order and vacate the resulting judgment due to fraud on the Court.

Federal Rule of Civil Procedure 60(b)(3) allows courts to relive parties from final judgments based on fraud. "To get relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019) (internal quotation marks and citations omitted). "The moving party must also demonstrate that the conduct prevented [him] from fully presenting his case." *Id.*

Gilberti's fraud allegations are not entirely clear, but the crux appears to be that defendants "claim[] this whole US Resource doesn't exist and is 'Patently Insubstantial' when in fact, its being approved for a Phase 1 spring water transmission facility with Florida Department of Environmental Protection." (Doc. 58 at 7). But Defendants did not assert—and the Court did not find—an absence of spring water under Gilberti's property. Defendants characterized Gilberti's claims of a global conspiracy as patently insubstantial, not his claim that spring water exists under his land. Gilberti has not proven fraud by clear and convincing evidence.

Accordingly, it is now

**ORDERED:**

Plaintiff Joseph D. Gilberti's Motion to Vacate Order and Set Aside Judgment for Fraud on the Court (Doc. 58) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of June, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record